1  VINCENT ROSENBAUM                              4/28/2008
2  2100 NAPA VALLEJO HIGHWAY Unit 5
3  NAPA, CALIFORNIA 94558
4        UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6  PEOPLE OF THE UNITED
7  STATES OF AMERICA           CV 08      2318
8              V                    } CRIMINAL
9  JUDGE SUSAN ILLSTON            } COMPLAINT
10 U.S. DISTRICT COURT            }
11 450 GOLDEN GATE AVENUE         }
12 SAN FRANCISCO, CALIFORNIA 94102}
13 1) I, THE UNDERSIGNED COMPLAINANT STATE THAT
14 THE FOLLOWING IS TRUE AND CORRECT TO THE
15 BEST OF MY KNOWLEDGE. ON OR ABOUT APRIL 3,
16 2008 IN SAN FRANCISCO COUNTY IN THE NORT-
17 HERN DISTRICT OF CALIFORNIA THE DEFENDANT
18 (S) DID COMMIT PERJURY IN VIOLATION OF
19 TITLE 18 UNITED STATES CODE(S) 1621. I
20 FURTHER STATE THIS COMPLAINT IS
21 BASED ON A INTERLOCUTRY ORDER BY
22 JUDGE ILLSTON AND A PREJUDICIAL ERROR.
23 I ASK THE COURT FOR A SUMMARY
24 JUDGMENT OF $5 MILLION DOLLARS
25 FOR DAMAGES AND RELEASE FROM
26 ILLEGAL CUSTODY. SEE ATTACHMENTS
27                           Vincent Rosenbaum
28

28 U.S.C sec 1292 (A)(1) court of appeals shall have jurisdiction of appeals from interlocutory orders of district courts of the United State

7) A person can challenge interlocutory orders under the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), if the denial conclusively determines the disputed question, and it involves a claim of rights separable from, and collateral to, rights asserted in the action. (*See Mitchell v. Forsyth*, (1985) 472 U.S. 511, 105 S.Ct. 2806, 2815-2817.) (See also *Henneberque v. City of Culver City* (1985) 172 Cal.App.3d 837, 842; *Lyon v. Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11]; accord, *UAP-Columbus JV 326132 v. Nesbitt* (1991) 234 Cal.App.3d 1028, 1034-1036 [285 Cal.Rptr. 856].)

8) There are other exceptions to the final judgment rule, and "the test must be the existence of unusual circumstances in which postponement of the appeal until the final judgment as to all causes of action would cause serious hardship and inconvenience." (*Freeman on Judgments, fifth ed.*, § 45.) (*See Western Electroplating Co. v. Henness* (1959) 172 Cal.App.2d 278, 283.)

9) In an appropriate case an appellate Court has the inherent discretion to treat a barred appeal as a petition for writ of habeas corpus, and thereby prevent a fundamental miscarriage of justice. In an extreme case such as mine, where the conviction cannot withstand scrutiny in any procedural context, I believe the courts should hesitate to apply technical rules to prevent such a defendant from obtaining relief. (*See In re Scruggs* (1971) 15 Cal.App.3d 290, 294.) (Cal. Const., art. VI, § 13.)

USA
v
ILLSTON
CHAMBERS

## CONCLUSION

2) The action is dismissed without prejudice to Rosenbalm filing a new petition for writ of habeas corpus after he exhausts state court remedies as to his federal constitutional claims regarding the commitment order. All other challenges to the criminal proceedings must wait until Rosenbalm is convicted; he may not challenge the state court criminal proceedings against him until he is convicted and then must exhaust state court remedies before filing a federal petition for writ of habeas corpus. This dismissal also is without prejudice to Rosenbalm challenging the conditions of confinement at the county jail and at Napa State Hospital in a civil rights action.

3) Respondent's motion to file medical records under seal is GRANTED. (Docket # 52.)

4) In light of the dismissal of this action, the court DENIES as moot Rosenbalm's motions for a mediator, for injunctive relief, for a temporary restraining order, for an in camera hearing, for summary judgment, and for appointment of counsel. (Docket #s 30, 39, 44, 46, 50, 54, 55, 62, 77, and 81.)

5) The clerk shall close the file.

6) IT IS SO ORDERED.

DATED: April 3, 2008

SUSAN ILLSTON
United States District Judge

PROOF OF SERVICE                             4/29/2008

I am Vincent Rosenbalm a United States citizen over 18 years of age

ON 4/30/2008 I served the within
1) 2 CRIMINAL COMPLAINT 6 copies
2) 3 ATTACHMENTS 9 copies
3) TRUST INFO 2 copies

By placing in sealed envelope in the Napa State Hospital mail!
Addressed COURT CLERK
  U.S DISTRICT COURT
  450 GOLDEN GATE AVE
  SAN FRANCISCO, CA 94102
FROM
  Vincent Rosenbalm
  2100 Napa Vallejo Highway Units
  Napa, CA 94558

Under the Penalty of Perjury this is true and correct to the best of my knowledge.

                                    Vincent Rosenbalm




LEGAL MAIL

Court Clerk
U.S. District Court
450 Golden Gate Ave
San Francisco, CA 94102

Vincent Rosenbaum
100 Napa Vallejo Highway units
Napa, CA 94558

RECEIVED
MAY 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA