*E-FILED - 5/30/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROSENBAUM, ) | No. C 08-2318 RMW (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL |
| vs. ) | |
| JUDGE SUSAN ILLSTON, ) | (Docket No. 3) |
| Defendant. ) | |

Plaintiff, a California prisoner proceeding pro se, filed this action against a judicial officer of the court. The caption of the document plaintiff filed identifies it as a "criminal complaint," in which he alleges that defendant committed "perjury" in an order in one of plaintiff's actions before her. The court will DISMISS the instant complaint for failure to state a cognizable claim for relief.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief

1  may be granted, or seek monetary relief from a defendant who is immune from such
2  relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.
3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).
4  B.  Plaintiff's Claim
5  Neither plaintiff nor the court are authorized to file a criminal complaint. Whether
6  to prosecute and what criminal charges to file or bring are decisions that rest in the
7  prosecutor's discretion. See United States v. Batchelder, 442 U.S. 114, 124 (1979).
8  Moreover, to whatever extent plaintiff may want to bring this as a civil action, criminal
9  statutes, such as the perjury statute cited by plaintiff, generally do not provide a private
10 cause of action or basis for civil liability. See Aldabe v. Aldabe, 616 F.2d 1089, 1092
11 (9th Cir. 1980). In addition, defendant, a federal judge, is absolutely immune from civil
12 liability for acts performed in adjudicating plaintiff's cases. See Moore v. Brewster, 96
13 F.3d 1240, 1243 (9th Cir. 1996). Accordingly, this action will be dismissed for failure to
14 state a cognizable claim for relief.

## CONCLUSION

16 Plaintiff's complaint is hereby DISMISSED for failure to state a cognizable claim
17 for relief.
18 The clerk shall terminate all pending motions and close the file.
19 IT IS SO ORDERED.
20 DATED: 5/23/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.08\Rosenbaum318dis.wpd    2